UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED: JUNE 27, 2008
08CV 3684
JUDGE LEFKOW
MAGISTRATE JUDGE DENLOW
EDA

| | |
|---|---|
| **McKENZIE MORROW,** ) | |
| ) | |
| **Plaintiff,** ) | Case No. _____ |
| v. ) | |
| ) | Judge _____ |
| **DAVID PARKER, WILLIAM BERTHA, III,** ) | |
| **SAU HAIDARI, LARRY L. RATTLER,** ) | Magistrate Judge _____ |
| **KEN MATLOCK, THOMAS BIGGANE,** ) | |
| **ANTHONY HERNANDEZ,** ) | |
| **MICHAEL J. GALLAGHER, VINCENT J.** ) | **JURY TRIAL DEMANDED** |
| **WALSH, and CITY OF CHICAGO,** ) | |
| ) | |
| **Defendants.** ) | |

## CIVIL RIGHTS COMPLAINT

Plaintiff McKENZIE MORROW, by and through his attorney, Irene K. Dymkar, complaining against defendants, states as follows:

### NATURE OF CLAIM

1. This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. §1983), to redress deprivations of the civil rights of plaintiff through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiff of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

2. Additionally, plaintiff relies upon the Court's supplemental jurisdiction to assert the Illinois state claim of malicious prosecution.

### JURISDICTION AND VENUE

3. Jurisdiction is based upon 28 U.S.C. §§1343, 1331, and 1367.

4. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this district.

## PARTIES

5. At all times herein mentioned, plaintiff was and is a citizen of the United States and resides within the jurisdiction of the court.

6. At all times herein mentioned, defendants DAVID PARKER (hereinafter PARKER), WILLIAM BERTHA, III (hereinafter BERTHA), SAU HAIDARI (hereinafter HAIDARI), LARRY L. RATTLER (hereinafter RATTLER), KEN MATLOCK (hereinafter MATLOCK), THOMAS BIGGANE (hereinafter BIGGANE), ANTHONY HERNANDEZ (hereinafter HERNANDEZ), MICHAEL J. GALLAGHER (hereinafter GALLAGHER), and VINCENT J. WALSH (hereinafter WALSH) were officers in the Chicago Police Department and were acting under color of state law and as the employees or agents of the City of Chicago, Illinois. Said defendants are being sued in their individual capacity.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

## STATEMENT OF FACTS

8. On October 19, 2006, at approximately 11:00 AM, plaintiff McKENZIE MORROW was at his home at 1018 N. Ridgeway Avenue, 2nd floor, Chicago, Illinois, and engaged in lawful conduct, when defendant police officers entered and searched said home.

9. Defendant police officers entered and searched said home without a warrant, without consent, and without legal cause, or failed to intervene in said illegal entry and search.

10. Plaintiff McKENZIE MORROW was placed in custody, handcuffed, and forced to ride in a police car to the police station.

11. Plaintiff McKENZIE MORROW was placed under arrest despite the fact there was no warrant for his arrest and no probable cause to believe that he had committed a crime.

12. Defendant police officers arrested or failed to intervene in the arrest of plaintiff McKENZIE MORROW.

13. Defendant police officers caused false felony drug charges to be filed against plaintiff McKENZIE MORROW or failed to intervene in the filing of said felony drug charges. Plaintiff was booked, processed, and formally charged with said crimes.

14. There was no probable cause for the filing of said charges against plaintiff.

15. Plaintiff McKENZIE MORROW was wrongfully incarcerated for more than 8 months.

16. The felony charges were terminated in plaintiff's favor on June 27, 2007.

17. By reason of the above-described acts and omissions of the defendant police officers, plaintiff sustained injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to his damage.

18. The aforementioned acts of defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff's rights and thus justify the awarding of exemplary and punitive damages.

19. Because of the above-described acts and omissions of the individual defendants, plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action, so that he might vindicate the loss and impairment of his rights. By reason thereof, plaintiff requests payment by the individual defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

## COUNT I
### Plaintiff Against Individual Defendants for Unconstitutional Entry and Search of Home

20. Plaintiff McKENZIE MORROW incorporates and realleges paragraphs 1 – 19, as though set forth herein in their entirety.

21. The individual defendants entered and searched plaintiff's home at 1018 N. Ridgeway Avenue, 2nd floor, Chicago, Illinois, without a warrant, without permission, and without legal cause, thus invading and violating plaintiff's security and privacy.

22. By reason of the conduct of the individual defendants, plaintiff McKENZIE MORROW were deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants PARKER, BERTHA, HAIDARI, RATTLER, MATLOCK, BIGGANE, HERNANDEZ, GALLAGHER, and WALSH, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT II
### Plaintiff Against Individual Defendants for False Arrest

23. Plaintiff McKENZIE MORROW incorporates and realleges paragraphs 1 – 19, as though set forth herein in their entirety.

24. The arrest and incarceration of plaintiff by the individual defendants for the purpose of charging him with false crimes were without probable cause and unreasonable.

25. By reason of the conduct of the individual defendants, plaintiff McKENZIE MORROW was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants PARKER, BERTHA, HAIDARI, RATTLER, MATLOCK, BIGGANE, HERNANDEZ, GALLAGHER, and WALSH, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT III
**Plaintiff Against Individual Defendants for Failure to Intervene**

26. Plaintiff McKENZIE MORROW incorporates and realleges paragraphs 1 – 19, as though set forth herein in their entirety.

27. The individual defendants had reason to know that the home at 1018 N. Ridgeway Avenue, 2nd floor, Chicago, Illinois, was entered and searched and plaintiff McKENZIE MORROW was arrested and charged unjustifiably and without legal cause.

28. The individual defendants had a reasonable opportunity to prevent said search, arrest, and charging from occurring.

29. By reason of the conduct of the individual defendants, plaintiff McKENZIE MORROW were deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants PARKER, BERTHA, HAIDARI, RATTLER, MATLOCK, BIGGANE, HERNANDEZ, GALLAGHER, and WALSH, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

**COUNT IV**
**Plaintiff Against All Individual Defendants for Due Process Violations**

30. Plaintiff McKENZIE MORROW incorporates and realleges paragraphs 1 – 19, as though set forth herein in their entirety.

31. The individual defendants deprived plaintiff of fair criminal proceedings by engaging in multiple acts which include, but are not limited to, not disclosing known exculpatory evidence, submitting false charges as contained in the criminal complaints, submitting false police reports, swearing to false statements, and otherwise acting to influence and persuade the State's Attorney to prosecute plaintiff and to deny plaintiff fair legal proceedings.

32. These acts were directed toward plaintiff, were intentional and material, and therefore were in violation of plaintiff's due process rights.

33. By reason of the conduct of the individual defendants, plaintiff McKENZIE MORROW was deprived of rights, privileges and immunities secured to him by the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants PARKER, BERTHA, HAIDARI, RATTLER, MATLOCK, BIGGANE, HERNANDEZ, GALLAGHER, and WALSH, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

**COUNT V**
**Plaintiff Against All Defendants for the State Supplemental Claim of Malicious Prosecution**

34. Plaintiff McKENZIE MORROW incorporates and realleges paragraphs 1 – 19, as though set forth herein in their entirety.

35. The individual defendants maliciously caused criminal charges to be filed and prosecuted against plaintiff. There was no probable cause for the institution of criminal charges against plaintiff. The criminal proceedings were commenced and continued maliciously.

36. The individual defendants facilitated this malicious prosecution by falsifying evidence, creating false police reports, falsifying written criminal charges, and giving false and perjured testimony and information under oath.

37. Plaintiff was wrongfully incarcerated for more than 8 months as a direct result of the prosecution of these criminal charges.

38. Plaintiff was injured emotionally and otherwise from the loss of certain liberty and related rights.

39. The criminal proceedings were terminated in plaintiff's favor on June 27, 2007.

40. Defendants PARKER, BERTHA, HAIDARI, RATTLER, MATLOCK, BIGGANE, HERNANDEZ, GALLAGHER, and WALSH, and each of them, is liable to plaintiff under Illinois law for the state supplemental claim of malicious prosecution.

41. Defendant CITY OF CHICAGO is liable pursuant to the doctrine of *respondeat superior*.

WHEREFORE, plaintiff McKENZIE MORROW by and through his attorney, Irene K. Dymkar, request judgment as follows against the defendants on each and every claim:

    1. That defendants be required to pay plaintiff general damages, including emotional distress, in a sum to be ascertained at a trial of this matter,

    2. That defendants be required to pay plaintiff special damages,

    3. That defendants, except CITY OF CHICAGO, be required to pay plaintiff attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,

      4.      That defendants, except CITY OF CHICAGO, be required to pay plaintiff exemplary and punitive damages in a sum to be ascertained at a trial of this matter,

      5.      That defendants be required to pay plaintiff costs of the suit herein incurred, and

      6.      That plaintiff be granted such other and further relief as this Court may deem just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY.**

Dated: June 26, 2008                                                            /s Irene K. Dymkar
                                                                                         Irene K. Dymkar

Irene K. Dymkar
Attorney for Plaintiff
300 W. Adams Street, Suite 330
Chicago, IL 60606-5107
(312) 345-0123