UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| McKENZIE MORROW, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 CV 3684 |
| | ) | |
| v. | ) | Judge Lefkow |
| | ) | |
| DAVID PARKER, WILLIAM BERTHA, III, | ) | Magistrate Judge Denlow |
| SAU HAIDARI, LARRY L. RATTLER, KEN | ) | |
| MATLOCK, THOMAS BIGGANE, ANTHONY | ) | Jury Demand |
| HERNANDEZ, MICHAEL J. GALLAGHER, | ) | |
| VINCENT J. WALSH, and CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

**OFFICER BERTHA'S ANSWER, AFFIRMATIVE DEFENSES AND
FEDERAL RULE 12(B)(6) DEFENSES, AND JURY DEMAND
TO PLAINTIFF'S COMPLAINT**

NOW COMES Defendant William Bertha ("Officer Bertha"), by and through his attorneys, SWANSON, MARTIN & BELL, LLP, and hereby submits the following Answer, Affirmative Defenses and Federal Rule 12(b)(6) Defenses, to Plaintiff's Complaint:

**NATURE OF CLAIM**

1.  This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. § 1983), to redress deprivations of the civil rights of plaintiff through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiff of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

**ANSWER:** Officer Bertha admits that, at all relevant times, he acted under color of law. Officer Bertha further admits that Plaintiff is seeking recovery under 42 U.S.C. § 1983, but denies that Plaintiff is entitled to the relief sought. Officer Bertha denies any

**wrongdoing alleged by Plaintiff and the remaining allegation in paragraph 1.**

2. Additionally, plaintiff relies upon the Court's supplemental jurisdiction to assert the Illinois state claim of malicious prosecution.

**ANSWER: Officer Bertha admits that this Court has supplemental jurisdiction of Plaintiff's common law allegations, but denies that Plaintiff is entitled to the relief sought. Officer Bertha denies Plaintiff's common law allegations of malicious prosecution, denies any wrongdoing alleged by Plaintiff and the remaining allegation in paragraph 2.**

## JURISDICTION AND VENUE

3. Jurisdiction is based upon 28 U.S.C. §§1343, 1331, and 1367.

**ANSWER: Officer Bertha admits the allegations of paragraph 3, but denies any wrongdoing.**

4. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. § 1391, because all events or omissions giving rise to this claim occurred in this district.

**ANSWER: Officer Bertha admits the venue is proper, but denies the allegations as asserted by Plaintiff and denies the remaining allegations of paragraph 4.**

## PARTIES

5. At all times herein mentioned, plaintiff was and is a citizen of the United States and resides within the jurisdiction of the court.

**ANSWER: Officer Bertha lacks knowledge or information sufficient to form a**

**belief as to the truth of whether Plaintiff was and is a citizen of the United States and whether he resides within the jurisdiction of the court and the remaining allegations of paragraph 5.**

6.   At all times herein mentioned, defendants DAVID PARKER (hereinafter PARKER), WILLIAM BERTHA, III (hereinafter BERTHA), SAU HAIDARI (hereinafter HAIDARI), LARRY L. RATTLER (hereinafter RATTLER), KEN MATLOCK (hereinafter MATLOCK), THOMAS BIGGANE (hereinafter BIGGANE), ANTHONY HERNANDEZ (hereinafter HERNANDEZ), MICHAEL J. GALLAGHER (hereinafter GALLAGHER), and VINCENT J. WALSH (hereinafter WALSH) were officers in the Chicago Police Department and were acting under color of state law and as the employees or agents of the City of Chicago, Illinois. Said defendants are being sued in their individual capacity.

**ANSWER:   Officer Bertha admits that, at all relevant times, he and Officers Parker, Haidari, Rattler, Matlob[1], Biggane, and Hernandez were Chicago Police Officers acting within the scope of their employment as agents and employees of the City of Chicago, Illinois, and under color of law.  Officer Bertha further admits that the defendants are being sued in their individual capacity, but denies the allegations as asserted by Plaintiff.  Officer Bertha lacks knowledge or information sufficient to form a belief as to the allegations regarding Officers Gallagher and Walsh.**

7.   Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws Of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

---

[1] Officer Matlob has been incorrectly named and indentified in this action as "Officer Matlock."  Defendant Officers

3

**ANSWER:** Officer Bertha admits the allegations of paragraph 7.

**STATEMENT OF FACTS**

8. On October 19, 2006, at approximately 11:00 AM, plaintiff McKENZIE MORROW was at his home at 1018 N. Ridgeway Avenue, 2" floor, Chicago, Illinois, and engaged in lawful conduct, when defendant police officers entered and searched said home.

**ANSWER: Officer Bertha lacks knowledge or information sufficient to form a belief as to whether Plaintiff resides at 1018 N. Ridgeway Avenue, 2nd floor, Chicago, Illinois. Officer Bertha denies that, on October 19, 2006, he entered and searched a residence located at 1018 N. Ridgeway Avenue, 2nd floor, Chicago, Illinois. Officer Bertha denies the remaining allegations of paragraph 8.**

9. Defendant police officers entered and searched said home without a warrant, without consent, and without legal cause, or failed to intervene in said illegal entry and search.

**ANSWER: Officer Bertha admits that, on October 19, 2006, he did not have a warrant to search a residence located at 1018 N. Ridgeway Avenue, 2nd floor, Chicago, Illinois. Officer Bertha denies that, on October 19, 2006, he entered and searched a residence located at 1018 N. Ridgeway Avenue, 2nd floor, Chicago, Illinois. Officer Bertha denies the remaining allegations of paragraph 9.**

10. Plaintiff McKENZIE MORROW was placed in custody, handcuffed, and forced to ride in a police car to the police station.

---

make admissions and denials regarding Officer Matlob only and have no knowledge regarding "Officer Matlock."

**ANSWER:** **Officer Bertha admits, upon information and belief, that on October 19, 2006, Plaintiff was placed in custody, handcuffed, and transported to the police station in a police vehicle. Officer Bertha denies the remaining allegations of paragraph 10.**

11. Plaintiff McKENZIE MORROW was placed under arrest despite the fact there was no warrant for his arrest and no probable cause to believe that he had committed a crime.

**ANSWER:** **Officer Bertha admits, upon information and belief, that on October 19, 2006, Plaintiff was placed under arrest. Officer Bertha further admits that he did not have a warrant to arrest Plaintiff. Officer Bertha denies the remaining allegations of paragraph 11.**

12. Defendant police officers arrested or failed to intervene in the arrest of plaintiff McKENZIE MORROW.

**ANSWER:** **Officer Bertha admits, upon information and belief, that on October 19, 2006, Plaintiff was arrested. Officer Bertha denies that remaining allegations of paragraph 12.**

13. Defendant police officers caused false felony drug charges to be filed against plaintiff McKENZIE MORROW or failed to intervene in the filing of said felony drug charges. Plaintiff was booked, processed, and formally charged with said crimes.

**ANSWER:** **Officer Bertha admits, upon information and belief, that Plaintiff was booked, processed, and charged. Officer Bertha denies the remaining allegations of paragraph 13.**

14. There was no probable cause for the filing of said charges against plaintiff.

**ANSWER:** **Officer Bertha denies the allegations of paragraph 14.**

15. Plaintiff MCKENZIE MORROW was wrongfully incarcerated for more than 8 months.

**ANSWER:** **Officer Bertha lacks knowledge or information sufficient to form a belief as to whether Plaintiff was incarcerated, and if so, for what duration. Officer Bertha denies the remaining allegations of paragraph 15.**

16. The felony charges were terminated in plaintiff's favor on June 27, 2007.

**ANSWER:** **Officer Bertha lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 16.**

17. By reason of the above-described acts and omissions of the defendant police officers, plaintiff sustained injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to his damage.

**ANSWER:** **Officer Bertha denies the allegations of paragraph 17.**

18. The aforementioned acts of defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff's rights and thus justify the awarding of exemplary and punitive damages.

**ANSWER:** **Officer Bertha denies the allegations of paragraph 18.**

19. Because of the above-described acts and omissions of the individual defendants,

plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action, so that he might vindicate the loss and impairment of his rights. By reason thereof, plaintiff requests payment by the individual defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C.§1988, the Equal Access to Justice Act, or any other provision set by law.

**ANSWER:** **Officer Bertha denies the allegations of paragraph 19.**

## COUNT I
**Plaintiff Against Individual Defendants for Unconstitutional Entry and Search of Home**

20.  Plaintiff McKENZIE MORROW incorporates and realleges paragraphs 1 – 19, as though set forth herein in their entirety.

**ANSWER:** **Officer Bertha incorporates and restates his answers to paragraphs 1 – 19 as though set forth in their entirety as his answer to paragraph 20.**

21.  The individual defendants entered and searched plaintiff's home at 1018 N. Ridgeway Avenue, 2" floor, Chicago, Illinois, without a warrant, without permission, and without legal cause, thus invading and violating plaintiff's security and privacy.

**ANSWER:** **Officer Bertha admits that, on October 19, 2006, he did not have a warrant to search a residence located at 1018 N. Ridgeway Avenue, 2nd floor, Chicago, Illinois. Officer Bertha denies that, on October 19, 2006, he entered and searched a residence located at 1018 N. Ridgeway Avenue, 2nd floor, Chicago, Illinois. Officer Bertha denies the remaining allegations of paragraph 21.**

7

22. By reason of the conduct of the individual defendants, plaintiff McKENZIE MORROW were deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants PARKER, BERTHA, HAIDARI, RATTLER, MATLOCK, BIGGANE, HERNANDEZ, GALLAGHER, and WALSH, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

**ANSWER:** Officer Bertha denies the allegations of paragraph 22.

## COUNT II
**Plaintiff Against Individual Defendants for False Arrest**

23. Plaintiff McKENZIE MORROW incorporates and realleges paragraphs 1– 19, as though set forth herein in their entirety.

**ANSWER:** **Officer Bertha incorporates and restates his answers to paragraphs 1 – 19 as though set forth in their entirety as his answer to paragraph 23.**

24. The arrest and incarceration of plaintiff by the individual defendants for the purpose of charging him with false crimes were without probable cause and unreasonable.

**ANSWER:** **Officer Bertha denies the allegations of paragraph 24.**

25. By reason of the conduct of the individual defendants, plaintiff McKENZIE MORROW was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants PARKER, BERTHA, HAIDARI, RATTLER, MATLOCK, BIGGANE,

HERNANDEZ, GALLAGHER, and WALSH, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

**ANSWER:** **Officer Bertha denies the allegations of paragraph 25.**

## COUNT III
### Plaintiff Against Individual Defendants for Failure to Intervene

26. Plaintiff McKENZIE MORROW incorporates and realleges paragraphs 1 – 19, as though set forth herein in their entirety.

**ANSWER:** **Officer Bertha incorporates and restates his answers to paragraphs 1 – 19 as though set forth in their entirety as his answer to paragraph 26.**

27. The individual defendants had reason to know that the home at 1018 N. Ridgeway Avenue, 2nd floor, Chicago, Illinois, was entered and searched and plaintiff McKENZIE MORROW was arrested and charged unjustifiably and without legal cause.

**ANSWER:** **Officer Bertha denies the allegations of paragraph 27.**

28. The individual defendants had a reasonable opportunity to prevent said search, arrest, and charging from occurring.

**ANSWER:** **Officer Bertha denies the allegations of paragraph 28.**

29. By reason of the conduct of the individual defendants, plaintiff McKENZIE MORROW were deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants PARKER, BERTHA, HAIDARI, RATTLER, MATLOCK, BIGGANE, HERNANDEZ, GALLAGHER, and WALSH, and each of them, is liable to plaintiff pursuant to

42 U.S.C. §1983.

**ANSWER:** Officer Bertha denies the allegations of paragraph 29.

## COUNT IV
### Plaintiff Against All Individual Defendants for Due Process Violations

30. Plaintiff McKENZIE MORROW incorporates and realleges paragraphs 1 – 19, as though set forth herein in their entirety.

**ANSWER:** **Officer Bertha incorporates and restates his answers to paragraphs 1 – 19 as though set forth in their entirety as his answer to paragraph 30.**

31. The individual defendants deprived plaintiff of fair criminal proceedings by engaging in multiple acts which include, but are not limited to, not disclosing known exculpatory evidence, submitting false charges as contained in the criminal complaints, submitting false police reports, swearing to false statements, and otherwise acting to influence and persuade the State's Attorney to prosecute plaintiff and to deny plaintiff fair legal proceedings.

**ANSWER:** Officer Bertha denies the allegations of paragraph 31.

32. These acts were directed toward plaintiff, were intentional and material, and therefore were in violation of plaintiff's due process rights.

**ANSWER:** Officer Bertha denies the allegations of paragraph 32.

33. By reason of the conduct of the individual defendants, plaintiff McKENZIE MORROW was deprived of rights, privileges and immunities secured to him by the due process

10

clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants PARKER, BERTHA, HAIDARI, RATTLER, MATLOCK, BIGGANE, HERNANDEZ, GALLAGHER, and WALSH, and each of them, is liable to plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:** Officer Bertha denies the allegations of paragraph 33.

## COUNT V
### Plaintiff Against All Defendants for the State Supplemental Claim of Malicious Prosecution

34. Plaintiff McKENZIE MORROW incorporates and realleges paragraphs 1 – 19, as though set forth herein in their entirety.

**ANSWER:** **Officer Bertha incorporates and restates his answers to paragraphs 1 – 19 as though set forth in their entirety as his answer to paragraph 34.**

35. The individual defendants maliciously caused criminal charges to be filed and prosecuted against plaintiff. There was no probable cause for the institution of criminal charges against plaintiff. The criminal proceedings were commenced and continued maliciously.

**ANSWER:** Officer Bertha denies the allegations of paragraph 35.

36. The individual defendants facilitated this malicious prosecution by falsifying evidence, creating false police reports, falsifying written criminal charges, and giving false and perjured testimony and information under oath.

**ANSWER:** Officer Bertha denies the allegations of paragraph 36.

37. Plaintiff was wrongfully incarcerated for more than 8 months as a direct result of

the prosecution of these criminal charges.

**ANSWER:** **Officer Bertha denies the allegations of paragraph 37.**

38. Plaintiff was injured emotionally and otherwise from the loss of certain liberty and related rights.

**ANSWER:** **Officer Bertha denies the allegations of paragraph 38.**

39. The criminal proceedings were terminated in plaintiffs favor on June 27, 2007.

**ANSWER:** **Officer Bertha lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 39.**

40. Defendants PARKER, BERTHA, HAIDARI, RATTLER, MATLOCK, BIGGANE, HERNANDEZ, GALLAGHER, and WALSH, and each of them, is liable to plaintiff under Illinois law for the state supplemental claim of malicious prosecution.

**ANSWER:** **Officer Bertha denies the allegations of paragraph 40.**

41. Defendant CITY OF CHICAGO is liable pursuant to the doctrine of respondent superior.

**ANSWER:** **Officer Bertha denies the allegations of paragraph 41.**

## AFFIRMATIVE DEFENSES

### First Affirmative Defense – Qualified Immunity

Officer Bertha is entitled to qualified immunity as to the allegations set forth in Counts I, II, III, and IV of Plaintiff's Complaint.

### Second Affirmative Defense – Probable Cause

As to the allegations set forth in Counts II, III, IV, and V and any other count set forth in Plaintiff's Complaint which can be construed as seeking damages based upon an alleged false arrest or unlawful detention, Officer Bertha had probable cause to arrest Plaintiff, the existence of which is an absolute defense to a federal false arrest claim, a federal due process claim, a state law false arrest/unlawful detention claim, and a state law malicious prosecution claim.

### Third Affirmative Defense – 745 ILCS 10/2-201

As to the allegations set forth in Count V of Plaintiff's Complaint, Officer Bertha is entitled to immunity pursuant to 745 ILCS 10/2-201, which provides in pertinent part as follows:

> Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused.

### Fourth Affirmative Defense – 745 ILCS 10/2-202

As to the allegations set forth in Count V of Plaintiff's Complaint, Officer Bertha is entitled to immunity pursuant to 745 ILCS 10/2-202, which provides in pertinent part as follows:

> A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct.

### Fifth Affirmative Defense – 745 ILCS 10/2-204

As to the allegations set forth in Count V of Plaintiff's Complaint, Officer Bertha is entitled to immunity, to the extent said allegations seek to hold him liable for the act or omission of another person, pursuant to 745 ILCS 10/2-204, which provides in pertinent part as follows:

> Except as otherwise provided by statute, a public employee, as such and acting within the scope of his employment, is not liable for an injury caused by the act or omission of another person.

### Sixth Affirmative Defense - 745 ILCS 10/2-208

As to the allegations set forth in Count V of Plaintiff's Complaint, Officer Bertha is

entitled to immunity under 745 ILCS 10/2-208, which provides as follows:

> A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause.

### Seventh Affirmative Defense – 735 ILCS 5/2-1116(c)

Any damages sought by Plaintiff in Counts V of Plaintiff's Complaint should be barred or reduced in proportion to the amount of contributory fault the finder of fact attributes to Plaintiff, pursuant to 735 ILCS 5/2-1116(c), which provides as follows:

> In all actions on account of death, bodily injury or physical damage to property in which recovery is predicated upon fault, the contributory fault chargeable to the plaintiff shall be compared with the fault of all tortfeasors whose fault was a proximate cause of the death, injury, loss, or damage for which recovery is sought. The plaintiff shall be barred from recovering damages if the trier of fact finds that the contributory fault on the part of the plaintiff is more than 50% of the proximate cause of the injury or damage for which recovery is sought. The plaintiff shall not be barred from recovering damages if the trier of fact finds that the contributory fault on the part of the plaintiff is not more than 50% of the proximate cause of the injury or damage for which recovery is sought, but any economic or non-economic damages allowed shall be diminished in the proportion to the amount of fault attributable to the plaintiff.

### Eighth Affirmative Defense – Failure to Mitigate Damages

Any verdict or judgment obtained by Plaintiff should be reduced for Plaintiff's failure to mitigate his damages.

### **FEDERAL RULE 12(B)(6) DEFENSES**

1. Counts I, II, III, IV, and V fail to state a cause of action upon which relief may be granted.

2. Any award of punitive damages would deprive Officer Bertha due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution where:

   a. liability for punitive damages has not been proven beyond a reasonable doubt, or at least by clear and convincing evidence;

14

      b.    the award of punitive damages is disproportionate to actual damages.

## JURY DEMAND

Officer Bertha demands a trial by jury.


            Respectfully submitted,

           SWANSON, MARTIN & BELL, LLP

    By:    s/ Susan E. Sullivan

           *As Attorney for Officer William Bertha*


SWANSON, MARTIN & BELL, LLP
330 North Wabash Ave. Suite 3300
Chicago, Illinois 60611
Office: (312) 321-9100
Fax:    (312) 321-0990
Atty. No. 06238201
Email:  ssullivan@smbtrials.com